## UNITED STATES v. RUCKER.

### Nos. 6847, 6862.

District Court, W. D. Oklahoma.

Sept. 22, 1932.

Herbert K. Hyde, U. S. Dist. Atty., and Fred A. Wagoner, Asst. U. S. Dist. Atty., both of Oklahoma City, Okl., for the United States.

John Embry, of Oklahoma City, Okl. (Embry, Johnson, Crowe & Tolbert, of Oklahoma City, Okl.), for the defendant.

VAUGHT, District Judge.

In case No. 6847 an indictment was returned against the defendant on the 18th day of January, 1928, and thereafter in case No. 6862 an indictment was returned on February 27, 1928; case No. 6862 being a corrected indictment. Both indictments alleged the same offense.

The charging part of the indictment is that the defendant did, "on the 17th day of February, 1925, at Norman, Oklahoma, deliver to said Mercantile Agency, a certain false financial statement dated February 17, 1925, and bearing the signature of said defendant, with the intent and purpose on the part of said defendant that the substance of said false financial statement *should be* innocently transmitted through the United States mails by said Mercantile Agency *to such of its clients as should inquire regarding the financial status of said defendant and his business."*

The indictment further states in substance that from the information which was furnished to the mercantile agency, to wit, R. G. Dun & Co., that said Dun & Co. prepared statements to their various clients and placed them in the United States mails.

There is no allegation in the indictment that defendant, Rucker, ever placed the statements in question in the United States mails, or ever directed any one else to do so, and the only act alleged in the indictment in so far as Rucker is concerned is that at the time he gave the statement of his financial condition to Dun & Co. he knew the purpose for which Dun intended to use this information, and that said defendant Rucker believed

that this information would be used by Dun & Co. in such a manner as to benefit the credit standing of said defendant Rucker.

The language of the statute is hardly broad enough to include the supposed intention of Rucker, the statute being as follows: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises ° ° ° shall, for the purpose of executing such scheme or artifice or attempting so to do, *place, or cause to be placed,* any letter, postal card, package, writing, circular, pamphlet, or advertisement," etc. Section 215, Criminal Code (18 USCA § 338).

█ The gist of the offense as stated in the act is, the scheme or artifice to defraud having been devised, the use of the mails is then resorted to to carry said scheme or artifice into execution. The indictment does not allege that Rucker either placed the matter in the mails or caused it to be placed in the mails, but merely states that it was his intention when he gave the information to Dun that Dun would utilize the substance of the information given Dun by Rucker and send out statements to its various subscribers and that this would benefit Rucker.

The court does not believe that this comes within the requirements of the statute and therefore that the demurrer should be sustained. This same order will apply to both indictments.

It is therefore the order of this court that the demurrers to indictments Nos. 6847 and 6862 be, and the same are hereby, sustained; an exception is awarded the plaintiff.